UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
PETER CALIFANO,

                Petitioner,                    00 CV 0543 (SJ)

  - against -                            MEMORANDUM
                                                and ORDER

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------X

MAIL TO:

Peter Califano
# 38203-053
FCC Coleman Low
P.O. Box 879
Coleman, FL 33521-0879
Petitioner *Pro Se*

ROSLYNN MAUSKOPF
OFFICE OF THE U.S. ATTORNEY
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
Attorney for Respondent
By:    Jonathan F. Sack
Attorney for Respondent


JOHNSON, Senior District Judge:

      Peter Califano ("Petitioner") brings this motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255. In 1991, Petitioner pled guilty to cocaine

trafficking in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii)(III) and 846 (b), and was sentenced

1

to 121 months imprisonment.[1] Petitioner claims that his sentence is erroneous because he was denied an additional reduction point for acceptance of responsibility, an error which Petitioner attributes to his trial counsel's alleged ineffective assistance of counsel at sentencing.

According to the Bureau of Prisons, Petitioner was released from custody on April 28, 2000. Release from custody does not necessarily render a 28 U.S.C. § 2255 petition moot, if a petitioner asserts a "collateral consequence" of a conviction, meaning "some concrete and continuing injury other than the now-ended incarceration or parole." Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot. See, e.g., Davis v. U.S., 2004 WL 1488371, *3 (S.D.N.Y. Jul. 1, 2004). In this case, Petitioner has only challenged the length of his sentence (vis-a-vis the one-point reduction for acceptance of responsibility), not the fact of his conviction or any other factor that could give rise to a collateral consequence, and therefore the petition must be DISMISSED due to Petitioner's subsequent release from custody.

Respondent is directed to attempt to obtain a current mailing address for Petitioner

---

[1] Petitioner's first sentence was vacated by the Second Circuit Court of Appeals due to the district court's failure to recognize its authority to grant a downward departure. United States v. Califano, 978 F.2d 65 (2d Cir. 1992). On remand, Petitioner was sentenced to a term of 188 months imprisonment which was subsequently reduced to 121 months, pursuant to a retroactive Sentencing Guidelines Amendment. Petitioner's motion for a further sentence reduction was denied by Judge Nickerson on October 12, 1999 and the Court of Appeals dismissed Petitioner's appeal of that denial by summary order dated June 6, 2000.

2

and to serve this Order upon Petitioner.

SO ORDERED.

Dated: June 7, 2005
      Brooklyn, New York

_____
Senior U.S.D.J.